UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ZUMAR DuBOSE,

                Plaintiff,

    v.                                                 9:24-CV-0877
                                                           (AMN/ML)

BUREAU OF PRISONS, et. al,

                Defendants.
_____

APPEARANCES:

ZUMAR DuBOSE
20472-509
Plaintiff, Pro Se
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 900
Ray Brook, NY 12977


ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      In July 2024, plaintiff Zumar DuBose commenced this action by filing a pro se civil rights complaint. *See* Dkt. No. 1 ("Compl."). By Order entered on July 18, 2024, the Court directed that the action be administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 2 ("Administrative Closure Order"). Thereafter, plaintiff

1

filed an application to proceed in forma pauperis ("IFP"), together with the inmate authorization form required in this District, and the Clerk was directed to re-open this action and restore it to the Court's active docket. Dkt. No. 3 ("IFP Application"); Dkt. No. 4 ("Inmate Authorization Form"); Dkt. No. 5 ("Re-Opening Order").

By Decision and Order entered on August 26, 2024, the Court denied plaintiff's IFP Application pursuant to 28 U.S.C. § 1915(g) because (1) plaintiff had acquired at least three "strikes" before initiating the case, and (2) "none of the alleged harms identified in the complaint plausibly suggest that plaintiff was at risk of an 'imminent danger of serious physical injury' when he commenced this action." See Dkt. No. 6 ("Screening Order"). The Court also conditionally dismissed the action unless plaintiff did one of the following within thirty (30) days: (i) paid the Court's filing fee of four hundred and five dollars ($405.00) in full; or (ii) filed an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from one or more appropriately named defendants when he commenced the action. *Id*. at 9-10.

Instead of complying with the Screening Order and paying the filing fee or filing an amended complaint, plaintiff filed a notice of appeal and separately attempted to continue litigating the alleged wrongdoing set forth in the complaint through a new action. See Dkt. No. 7 ("Notice of Appeal"); *DuBose v. Bureau of Prisons*, 9:24-CV-1023 (AMN/ML) (N.D.N.Y. filed Aug. 20, 2024) ("*DuBose II*").[1]

---

[1] By Decision and Order entered on November 5, 2024, the Court stayed further proceedings in *DuBose II* pending the Second Circuit's decision on plaintiff's appeal of the Screening Order, or his withdrawal of that

By Mandate entered on April 28, 2025, the Second Circuit dismissed plaintiff's appeal of the Screening Order on the grounds that it "'lack[ed] an arguable basis either in law or in fact.'"  See Dkt. No. 9 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  In light of the Second Circuit's Mandate, the Court issued a Text Order on May 19, 2025, directing plaintiff to pay the filing fee if he wished to proceed with this action.  Dkt. No. 10 ("May 2025 Order").  The Court also specifically advised plaintiff, as it did in the Screening Order, that his failure to satisfy the filing fee requirement within thirty (30) days would result in the dismissal of this action without prejudice.  *Id*.; *see also* Screening Order at 10.

On June 2, 2025, the May 2025 Order was returned to the Court as undeliverable, with a notation on the envelope, which states "RETURN TO SENDER NO SUCH NUMBER UNABLE TO FORWARD[.]"  Dkt. No. 11.

## II. DISCUSSION

As an initial matter, acording to the public website maintained by the Federal Bureau of Prisons ("BOP"), plaintiff remains confined at FCI Ray Brook.  See https://www.bop.gov/inmateloc/ (last visited July 24, 2025).  Furthermore, insofar as plaintiff was temporarily transferred out of BOP custody, he was expressly advised in the Administrative Closure Order that he is required to maintain a current address with the Court in accordance with the Local Rules of Practice for this District, and his "failure to do so may result in the dismissal of this action[.]"  See Administrative Closure Order at 3.

---

appeal, based on the overlapping nature of the claims asserted in the two actions.  *See DuBose II*, Dkt. No. 7 ("*DuBose II* Stay Order").

In any event, more than sixty (60) days has passed since the issuance of the May 2025 Order, and plaintiff has failed to satisfy the filing fee requirement in this case. Moreover, as noted in the *DuBose II* Stay Order, the complaint in that case "repeats the same allegations of wrongdoing" as the complaint in this case, and "also includes similar allegations of wrongdoing related to loss of sleep, inadequate nutrition, and restrictive confinement conditions based on events that occurred after the filing of [this action]." *See DuBose II* Stay Order at 3.

As plaintiff was advised in a third action that he commenced after *DuBose II*, he may not simultaneously litigate two actions involving the same underlying facts, even when there is slight variation between the pleadings. *See DuBose v. FCI Ray Brook Warden*, 9:24-CV-1102 (AMN/ML), Dkt. No. 5 (N.D.N.Y. Nov. 5, 2024) (dismissing action as duplicative of *DuBose II*).

In light of the foregoing, this action is dismissed for failure to comply with the Court's prior orders, and as duplicative of *DuBose II*.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** for failure to comply with the Court's prior orders, and as duplicative of *DuBose v. Bureau of Prisons*, 9:24-CV-1023 (AMN/ML) (N.D.N.Y. filed Aug. 20, 2024). The Clerk is directed to enter judgment and close this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: <u>July 23, 2025</u>
       Albany, NY

                                                    Anne M. Nardacci
                                                    U.S. District Judge